9/15/2020 5:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46267404
By: C Ougrah
Filed: 9/15/2020 5:43 PM

CAUSE NO. _____

| | | |
|---|---|---|
| VERONIKA EMINOVNA ALIYEVA | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| AMERICAN HONDA MOTOR CO., INC. | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, VERONIKA EMINOVNA ALIYEVA, complaining of Defendant, AMERICAN HONDA MOTOR CO., INC., and for their cause of action would show as follows:

### I.
### DISCOVERY LEVEL

1.    Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rule of Civil Procedure 190.3.

### II.
### PARTIES

2.    Plaintiff, VERONIKA EMINOVNA ALIYEVA, is an individual and resident of Harris County, Texas.

EXHIBIT
2

3.      Defendant, AMERICAN HONDA MOTOR CO., INC., is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profits and may be served with citation through its registered agent, C.T. Corporation System, 1999 Bryan St., 900, Dallas, Texas 75201.

### III.
### VENUE

4.      Venue is proper in Harris County, Texas, by virtue of Section 15.001, Texas Civil Practice and Remedies Code, because all or a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Harris County, Texas.

### IV.
### BACKGROUND FACTS

5.      On or about November 19, 2017, Plaintiff, VERONIKA EMINOVNA ALIYEVA, a minor at the time, was a passenger in a 2010 Honda Civic LX, Vin No. 2HGFG1B68AH525240, traveling westbound on the 12200 block of Westheimer in Houston, Harris County, Texas. On said date, Plaintiff occupied the rear left seat of the vehicle when the vehicle in which she was a passenger moved into another lane of travel, impacted another vehicle on the road, lost control and struck a stationary sign on the road. Upon impact, the rear belt and side airbags failed engage, failed to function causing Plaintiff to suffer injuries, including multiple fractures. Nothing Plaintiff did or failed to do at the time of the collision caused or in any way contributed to cause her injuries. To the contrary, the injuries were proximately caused by the negligence on the part of Defendants.

V.

## CAUSE OF ACTION: STRICT PRODUCT LIABILITY
### (AMERICAN HONDA MOTOR CO., INC.)

6.      The 2010 Honda Civic LX vehicle was manufactured by Defendant, AMERICAN HONDA MOTOR CO., INC. Defendant, AMERICAN HONDA MOTOR CO., INC. developed, designed, manufactured, inspected, distributed, marketed and sold the 2010 Honda Civic LX vehicle, bearing VIN No. 2HGFG1B68AH525240. At the time of the incident, the vehicle was in the same condition as it was in when originally manufactured, marketed, distributed and sold by Defendant AMERICAN HONDA MOTOR CO., INC. At all times material hereto, as part of its vehicle manufacturing business, AMERICAN HONDA MOTOR CO., INC., was regularly engaged in business in the United States and in Texas by designing, manufacturing, and selling vehicles with failed rear belts and airbags which are intended to and do reach ultimate consumers located in Texas, including the subject vehicle and defective rear belts and airbags . The rear belt and rear airbags in question was designed, manufactured and sold by AMERICAN HONDA MOTOR CO., INC. is legally liable for defects in the rear belt and defective rear belts and airbags under the doctrine of strict liability in tort.

7.      The vehicle with the defective rear belt and defective airbags in question is identified as a 2010 Honda Civic LX manufactured by AMERICAN HONDA MOTOR CO., INC. Plaintiff would show that the defective rear belts and airbags in question were designed, manufactured, and marketed and placed into the stream of commerce by Defendants AMERICAN HONDA MOTOR CO., INC. in a defective condition and was substantially unchanged from the time it was placed into the stream of commerce.

8.      Plaintiff would show that the defective rear belts and defective rear airbags were unreasonably dangerous as that term is understood in Texas law. AMERICAN HONDA MOTOR

CO., INC. defectively designed, marketed, and manufactured the defective airbag, which rendered it unreasonably dangerous for its intended and foreseeable use and which was the producing cause of this incident, the serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages herein. Defendant, AMERICAN HONDA MOTOR CO., INC. is strictly liable for the design and manufacturing defects and the resulting damages to Plaintiff under Texas law, including Tex. Civ. Prac. & Rem. Code § 82.005. The defective design, manufacturing and marketing of the vehicle was a producing cause of this incident and the injuries and resulting damages sustained by VERONIKA EMINOVNA ALIYEVA..

## VI.
## CAUSE OF ACTION: DESIGN AND MANUFACTURING DEFECT
## (AMERICAN HONDA MOTOR CO., INC.)

9.      The design of the rear safety belts and rear airbags was defective and unreasonably dangerous and unsafe for its intended purpose in that such faulty belts and airbags were unsafe. The defective nature of the rear belts and the airbags was a proximate and producing cause of Plaintiff's enhanced injuries and the resulting damages to Plaintiff.

10.     As a result of the defective design of the rear safety belts and rear airbags, including but not limited to the above identified defects, the defective rear safety belts and airbags failed to engage upon the impact and failed to avoid the injuries sustained by plaintiff . Comparing the utility versus risk of harm, the rear safety belt design and airbag as sold by the Defendants was defective and unreasonably dangerous with regard to design, manufacture and marketing. At the time the vehicle in question, the 2010 Honda Civic LX with the defective rear safety belts and defective airbag, were weak subject to malfunction and failure to deploy , they were improperly and inadequately tested by AMERICAN HONDA MOTOR CO., INC., and the vehicle was not crashworthy in such crashed.   Likewise, Plaintiff was not offered or afforded proper and adequate

protection in the collision made the basis of this suit. The unreasonably dangerous nature of the defective rear safety belts and rear airbags created a high probability that passengers of the Honda involved in the similar impacts as the one involved in the accident made the basis of this suit would likely sustain severe and permanent personal injuries as a result of the ineffective occupant protection afforded by the rear safety belts and rear airbags. Plaintiff would show that there were safer alternative designs that would have prevented this incident and the serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages herein. The defective design and malfunction were the producing cause of this incident and the injuries and resulting damages sustained by VERONIKA EMINOVNA ALIYEVA. Defendant, AMERICAN HONDA MOTOR CO., INC. is liable for these design defects and the resulting damages to Plaintiff under Texas law, including Tex. Civ. Prac. & Rem. Code § 82.005.

11.    As further support for Plaintiff's manufacturing defect claim, Plaintiff provides notice of the intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998). In this instance, it may be inferred that the harm sustained by Plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the seat belt and  airbag failure that harmed Plaintiff, VERONIKA EMINOVNA ALIYEVA: (a) was of the kind that ordinarily occurs as a result of a product defect; and (b) was not, in the particular case, solely the result of causes other than the product defect existing at the time of sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

12.     Plaintiff would further show that the vehicle was improperly and inadequately tested by Defendants for crashworthiness, seat belt system performance, defective rear belts and airbags deployment, safety  performance and occupant protection performance in similar crashes.

## VII.

### CAUSE OF ACTION: MARKETING DEFECT
### (AMERICAN HONDA MOTOR CO., INC.)

13.     Defendant defectively marketed the 2010 Honda Civic LX containing the defective rear belts and defective airbags . Defendant failed to give adequate warnings of the potential defects. This failure to warn and/or give adequate instructions rendered the airbag unreasonably dangerous as marketed by Defendant. The marketing defects were the producing and proximate cause of this incident, the serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages. The marketing defect of the vehicle was a producing cause of this incident and the injuries and resulting damages sustained by VERONIKA EMINOVNA ALIYEVA.

## VIII.
### CAUSE OF ACTION: NEGLIGENCE
### (AMERICAN HONDA MOTOR CO., INC.)

14.     The serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages were proximately caused by Defendant, AMERICAN HONDA MOTOR CO., INC.'s, negligent acts in designing, manufacturing, marketing and/or selling the vehicle with defective rear seat belts and defective airbags which failed to deploy as described more thoroughly herein. Additionally, Defendant failed to adequately test and inspect the defective rear seat belts and defective airbags before its sale. Defendant owed a legal duty of care to Plaintiff and the public at large concerning the design, manufacture, marketing and sale of the vehicle containing defective rear seat belts and defective airbags. This duty of care was breached by Defendant in that

the defective rear seat belts and defective airbags failed to engage and deploy and prevent the injuries sustained by Plaintiff in this case. Because this propensity caused the underlying accident, Defendant breached its duty of care legally owed to Plaintiff. This breach was the proximate cause of this incident, the serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages.

## IX.
## GENERAL DAMAGES

15.    Defendant's wrongful acts, neglect, omissions, and carelessness are the proximate and producing cause of this incident, the serious injuries sustained by VERONIKA EMINOVNA ALIYEVA, and Plaintiff's resulting damages, and Plaintiff' resulting damages.  As a result of Defendants' acts and omissions, Plaintiff has incurred damages, in the past, present and future, including but not limited to, physical pain, mental anguish, physical impairment, disfigurement, medical expenses, loss of earnings, lost wages, and loss of earnings capacity.

## X.
## EXEMPLARY DAMAGES
## (AMERICAN HONDA MOTOR CO., INC.)

16.    Plaintiff seeks exemplary damages caused by AMERICAN HONDA MOTOR CO., INC.'s malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.003(a)(3) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(11).

## XI.
## PRE AND POST-JUDGMENT INTEREST

17.     Plaintiff would additionally say and show that they are entitled to recovery of pre and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sue for recovery of pre and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## XII.
## PRAYER

18.     Plaintiff has suffered in the past and will suffer in the future bodily injuries as a result of the accident made the basis of this suit.  Upon trial of this cause, Plaintiff will respectfully request the Court or jury to determine the amount of loss that Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry as a direct and proximate result of Defendants' negligence.  There are certain elements of damages provided by law that Plaintiff is entitled to have the Court or jury in this case consider to determine the sum of money, for each element, that will fairly and reasonably compensate him for their injuries, damages and losses incurred in the past and to be incurred in the future.

19.     Plaintiff believes that a fair and reasonable assessment of the damages and losses sustained as a result of Defendants' acts, omissions and/or conduct is within the jurisdictional limits of this Court.

20.     Under Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to state the amount of monetary relief sought. Plaintiff believes each element of damage referenced above and sought by Plaintiff is solely within the sound discretion of the jury and will rely on the jury to determine the amount of damages to be awarded to Plaintiff.  However, pursuant to Rule 47 of the

Texas Rules of Civil Procedure, and in order to comply with the Rule only, Plaintiff shall ask the jury

to award more than $ $1,000,000.00 in the aggregate for all elements of recovery.  Notwithstanding

this required Rule 47 disclosure, the Plaintiff relies upon the good judgment of the jury.  Plaintiff

reserves the right to amend this amount prior to trial.

## XII.
## REQUEST FOR DISCLOSURE

21.     Pursuant to the provisions of Rule 194, Texas Rules of Civil Procedure, Defendant is

requested to disclose, within fifty (50) days of service of this request, the information or material

described in Rule 194.2 (a )-(1).

**GOMEL & ASSOCIATES, P.C.**

By: _____

Corey Gomel
TBA No. 08115150
1177 West Loop South, Suite 1400
Houston, Texas  77027
(713) 961-7777 telephone
(713) 961-7773 telecopier
office@713abogado.com
ATTORNEYS FOR PLAINTIFF

**DESIGNATED E-SERVICE EMAIL ADDRESS**
The following is the designated electronic service email addresses for Plaintiff's attorney(s) for all electronically served documents and notices, filed and unfiled, pursuant to the Tex. R. Civ. P. 21(f)(2) and 21(a): silvia@713abogado.com and alma@713abogado.com.  Please be advised, this is the ONLY electronic service email addresses for the above-referenced Plaintiff's attorney(s). Service through any other email address will be considered INVALID.